Pedro W. Rodríguez, Petitioner and Appellee, *v.* Hipólito González, Mayor of Arroyo, Respondent and Appellant.

No. 5310.    Argued December 23, 1930.—Decided January 16, 1931.

*Arcilio Alvarado* for appellant.    *R. López Antongiorgi* for appellee.

Mr. Justice Aldrey delivered the opinion of the Court.

Hipólito González, Mayor of Arroyo, removed Pedro W. Rodríguez from his employment in that municipality as inspector of weights and measures, property clerk and meter reader; but the District Court of Guayama, pursuant to a mandamus proceeding, on January 8, 1930, ordered the mayor to reinstate the said employee in his office.

When demand was made upon the mayor for a compliance with the said order, the mayor filed a verified petition in court stating that the Municipal Assembly of Arroyo had passed an ordinance readjusting its budget in accordance with an order from the Auditor of Puerto Rico and that pursuant thereto there existed no longer in the said municipality the office of inspector of weights and measures, property clerk and meter reader, because the same had been abolished or disintegrated (*sic*), and based thereon he prayed to be relieved from complying with the order to reinstate the said Rodríguez.

At the hearing of the petition, the adverse party admitted as true all the facts alleged therein; and the court finally confirmed its previous order directing the reinstatement of Rodríguez in the office from which he had been removed.

The present appeal has been taken by the mayor from that decision, rendered after the judgment in the mandamus proceeding. The appellee has filed no opposition to the present appeal.

The ordinance of January 30 referred to by the appellant in his petition as having the effect of abolishing or consolidating the office which the appellee was filling when he was removed therefrom, was not produced in the court below and therefore does not appear in the statement of the case approved by said court for the purpose of this appeal. Hence, all that the lower court had before it in rendering the decision appealed from, and all that we have before us for determining this appeal, is the verified petition of the appellant setting forth the reasons why he is unable to comply with the order to reinstate Rodríguez in the office from which he had been removed, and the admission by the appellee of the truth of the facts stated in said petition. It must, then, be conceded as a fact that the office which the appellee filled has been abolished or consolidated.

As the Municipal Assembly of Arroyo has abolished the office formerly filled by the appellee, it becomes impossible for the appellant to reinstate Rodríguez in an office which was nonexistent in that municipaltiy when the mayor was requested to comply with the writ of mandamus. The same situation would obtain if what the petitioner meant by using the word "disintegrate" is that some of the duties formerly pertaining to the said office had been abolished, as the result would be the creation of a new offce.

By reason of the foregoing, the decision appealed from must be reversed and another rendered instead relieving the appellant from the duty imposed on him of reinstating the appellee in the office which he formerly held in the Municipality of Arroyo.